**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JANINE WEATHINGTON,

                 Plaintiff,

v.                                        Case No. 08-15267

WARREN EVANS, et al.,

                 Defendants.

_____/

**ORDER DISMISSING JARIELD HEARD, ROBERT FICANO,
AND KEN COCKREL AND DIRECTING SERVICE OF THE
COMPLAINT ON THE REMAINING DEFENDANTS**

        Plaintiff Janine Weathington, a state inmate currently incarcerated at the Wayne

County Jail in Detroit, Michigan, has filed a *pro se* civil rights complaint pursuant to 42

U.S.C. § 1983.  Plaintiff is proceeding without prepayment of the filing fee in this action

under 28 U.S.C. § 1915(a)(1).  Upon initial consideration, the court will summarily

dismiss Defendants Jarield Heard, Robert Ficano, and Ken Cockrel pursuant to 28

U.S.C. § 1915(e)(2) and will order service on the remaining Defendants.

**I.  BACKGROUND**

        On December 24, 2008, Plaintiff filed the instant action against Defendants

Warren Evans, the Wayne County Sheriff; Jarield Heard, Commander of Detroit Jails;

Robert Ficano, Wayne County Executive; Ken Cockrel, Mayor for the City of Detroit;

Lieutenant Owens and Sergeant Harris, who are or were employed at the Dickerson

Detention Facility in Hamtramck, Michigan; and Carny Mader-Jewel, a substance abuse

facilitator in Southfield, Michigan.  In her Complaint, Plaintiff alleges violations of her

right of access to the courts and her right to privacy. She also complains about other conditions at the Wayne County Jail, including the grievance procedures, the handling of mail and processing of medical orders, the lack of sentencing credits, the lack of access to a law librarian, the malfunction of emergency buttons in cells, the lack of a jail rule book, and the loss of programming for female inmates when a facility closed. Plaintiff seeks injunctive relief from this court and "$1,625,000.00 for emotional suffering, discrimination, sexual harassment, [and] future psychological therapy . . . ." (Pl.'s Compl. at 3.)

## II. STANDARD

Civil rights complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28).

A complaint may be dismissed for failure to state a claim if the facts alleged in the complaint do not state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to

2

raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations and footnote omitted). In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III.  DISCUSSION

In her Complaint, Plaintiff alleges that Defendant Jarield Heard declined to restore twenty-four days of sentencing credits to Plaintiff's sentence. This claim is not cognizable in a § 1983 complaint because it challenges the fact or length of Plaintiff's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Success in this action would demonstrate the invalidity of Petitioner's confinement or its duration. Therefore, her claim against Defendant Heard is barred from review. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). The court will accordingly dismiss Plaintiff's claim against Defendant Heard for failure to state a claim.

Plaintiff makes no mention of Robert Ficano or Ken Cockrel in her statement of facts or in her enumerated claims. "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l*

3

*Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). To the extent that Plaintiff seeks to hold Mr. Ficano or Mayor Cockrel liable for the acts or omissions of their subordinates, she has failed to state a claim, because vicarious liability is not a basis for relief under § 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)). Therefore, the court will dismiss Plaintiff's claims against Defendants Ficano and Cockrel. The court will order service on the remaining Defendants.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants Jarield Heard, Robert Ficano, and Ken Cockrel are DISMISSED from this lawsuit pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the United States Marshal serve the appropriate papers on Defendants Warren Evans, Lieutenant Owens, Sergeant Harris, and Carny Mader-Jewel without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

IT IS ALSO ORDERED that Plaintiff serve a copy of all future documents on Defendants, or on defense counsel if legal counsel represents Defendants. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to Defendants or defense counsel. The court will disregard any paper received by a district judge or a magistrate

judge if the paper has not been filed with the Clerk or if it fails to include a certificate of

service.

                              s/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 28, 2009, by electronic and/or ordinary mail.

                              s/Lisa G. Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522