UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANINE WEATHINGTON,

       Plaintiff,                      CIVIL ACTION NO. 08-15267

       v.                             DISTRICT JUDGE ROBERT H. CLELAND

SHERIFF WARREN EVANS, CITY OF,    MAGISTRATE JUDGE VIRGINIA MORGAN
DETROIT, LT. OWENS, SGT. HARRIS,
and CAMY MADER-JEWEL,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE**

This matter is before the court following plaintiff's failure to file an amended complaint, failure to identify a correct address for defendant Mader-Jewel, and for failure to attend a scheduling and status conference before the magistrate judge on August 10, 2009. For the reasons set for in this report, it is recommended that the case be dismissed without prejudice.

**Background**

In this *pro se* civil rights action, plaintiff alleges that defendant Camy Mader-Jewel violated her constitutional and civil rights in the conduct of a substance abuse recovery program at the Wayne County Jail. Plaintiff originally filed the case while she was incarcerated there and was granted *in forma pauperis* status. Plaintiff is now released. The marshals were unable to serve the complaint on Mader-Jewel and the court entered an order to show cause. A hearing and status conference was held June 24, 2009, before the magistrate judge in Ann Arbor, at which time plaintiff was directed to file a better address for defendant, and to file an amended

complaint deleting all claims not personal to her and clarifying her allegations in response to defendants Evans's request for a More Definite Statement. The court set a further scheduling order and status conference in Detroit (to accommodate plaintiff) for August 10, 2009. No amended complaint nor new address was filed. Plaintiff did not appear August 10 and neither the court nor defense counsel has had any contact with plaintiff since June 24, 2009.

The court attempted to call plaintiff on the telephone at the time of the hearing, but the phone number provided by her was apparently not in service as the recording stated that the number "was not accessible at this time." The court also confirmed that plaintiff did not appear in the Ann Arbor courthouse by mistake.

**Analysis**

**1. The case should be dismissed for failure to prosecute.**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure: "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of any claim against him. . . ." In <u>Link v. Wabash Railroad Company</u>, 370 U. S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court interpreted Rule 41(b) as allowing the Courts to dismiss a complaint for lack of prosecution <u>sua sponte</u>. See also, <u>Carter v. City of Memphis, Tennessee</u>, 636 F.2d 159, 161 (6th Cir. 1980). The Supreme Court in <u>Link</u>, <u>supra</u>, held that:

> "[N]either the permissive language of the Rule - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the Courts, acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

<u>Link</u>, 370 U.S. at 629-630, 82 S.Ct. at 1388-1389.

The Supreme Court in Link, supra, further ruled that the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing in a lack of prosecution case would not necessarily render such a dismissal void. Link, 370 U.S. at 632, 82 S.Ct. at 1389. While the Court acknowledged that it is a fundamental requirement of due process that the opportunity to be heard upon proper notice be provided, this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. Link, 370 U.S. at 632, 82 S.Ct. at 1389. The Court reasoned that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." Link, 370 U.S. at 632, 82 S.Ct. 1390. In the case-at-bar, as in Link, supra, the plaintiff should have been aware of the consequences of her actions in failing to move this litigation forward since the date of June 24, 2009.

It should be noted that the principle of allowing dismissal of a case for lack of prosecution is grounded in the interests of preventing undue delays, avoiding congestion of court calendars, and providing meaningful access for other prospective litigants to overcrowded courts. Link, 370 U.S. at 629-30, 82 S.Ct. at 1388. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2nd Cir. 1982).

**2. Dismissal is appropriate as the original complaint fails to state a claim.**

Plaintiff brings her claim pursuant to 42 U.S.C. § 1983. Under this statute, a plaintiff may seek redress when a person acting under color of state law deprives the person of rights guaranteed by the Constitution or federal laws. The court may award money damages, and in certain circumstances, injunctive relief to compensate the plaintiff. Under § 1983, the court may only impose monetary liability on persons personally responsible for the deprivation of rights secured by the Constitution and federal law. See Will v. Michigan Department of State Police, 491 U.S. 58, 64-

70 (1989). In this case, plaintiff has named supervisory personnel who are not shown to have been personally involved.  A municipality may be liable for damages under § 1983 for violations of federal law that occur pursuant to an official government policy or custom and are the moving force behind the violation.  See,  Monell v.  New York City Department of Social Services, 436 U.S. 658, 690-91 (1978).  Plaintiff has not named an entity or identified a policy, custom, or practice.

Courts hold that pro se complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972).  These complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief.  Hughes v. Rowe, 449 U.S. 5, 10 (1980). Courts are reluctant to dismiss on procedural grounds alone.  However, it is not the role of the court to guess the nature of the claim(s) asserted.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).

In her complaint, plaintiff alleges that many things happened to her while she was incarcerated at the jail.  These include the fact that she was stripped searched at the time of her incarceration and later in a "shakedown" she and 50 other females were made to stip. The observing officers were female, except for two male officers who plaintiff alleges also observed.  None of the observing officers are named as defendants.  In addition, plaintiff  alleges a series of actions which do not appear to have impacted her directly. These include the fact that another inmate fell out of an upper bunk accidentally;  a male inmate of the floor below was screaming and no guards responded; the grievance forms were not provided in duplicate; the jail failed to identify the grievance coordinator; and there were problems with mail delivery.  Plaintiff also alleges that male

inmates are given benefits that female inmates are not in terms of work release and other program options.  But, those problems she identifies are not delineated as related to her circumstances and are not alleged to be violations that affected her specifically.  Her claim with respect to general conditions or claim of others should be dismissed because as a non-lawyer, she cannot represent others in the legal process.

Plaintiff was advised by the court of these concerns and was told to file an amended complaint. Despite being given an opportunity to pare down her complaint and set forth with specificity the deprivations of civil rights that affected her and to name proper defendants, she has failed to do so and, indeed, did not file any amended complaint. The court can do no more than guess at the legal claims.  This it is not required to do.

**Conclusion**

Accordingly, it is recommended that given the absence of plaintiff's efforts to move the case forward, the absence of an amended complaint, and the original complaint being conclusory in its allegations, that the case be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                         S/Virginia M. Morgan
                                         Virginia M. Morgan
                                         United States Magistrate Judge

Dated: August 18, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 18, 2009.

                                           s/Jane Johnson
                                           Case Manager to
                                           Magistrate Judge Virginia M. Morgan